IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DEBORAH L. YOST,                )
                                )
            Plaintiff,          )
                                )
      v.                        ) Civil Action No. 07-76J
                                )
MICHAEL J. ASTRUE,              )
COMMISSIONER OF                 )
SOCIAL SECURITY,                )
                                )
            Defendant.          )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 29th day of September, 2008, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's applications for disability insurance benefits and supplemental security income under Titles II and XVI, respectively, of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 13) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 9) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Importantly, where the ALJ's findings of fact are

supported by substantial evidence, a reviewing court is bound by those findings, even if it would have decided the factual inquiry differently. Farqnoli v. Massanari, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending applications for disability insurance benefits and supplemental security income on September 7, 2004, alleging a disability onset date of December 31, 2000, later amended to February 6, 2003, due to degenerative disc disease, depression and pain. Plaintiff's applications were denied initially. At plaintiff's request an ALJ held a hearing on March 16, 2006, at which plaintiff, represented by counsel, appeared and testified. On May 25, 2006, the ALJ issued a decision finding that plaintiff is not disabled. On February 2, 2007, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

For purposes of plaintiff's Title II application, the ALJ found that plaintiff met the disability insured status requirements of the Act on her alleged onset date but that she only had acquired sufficient coverage to remain insured through December 31, 2005. Accordingly, to be entitled to Title II benefits, plaintiff bears the burden of proving that she became disabled prior to the expiration of her disability insured status on December 31, 2005.

Plaintiff was 48 years old at the time of her alleged onset date and is classified as a younger person under the regulations. 20 C.F.R. §§404.1563(c) and 416.963(c). Plaintiff has a high school education. Plaintiff has past relevant work experience as a bartender and a wiring harness assembly supervisor, but has not engaged in any substantial gainful activity since her alleged onset date.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of asthma, degenerative disc disease, osteoporosis, depressive disorder and anxiety with panic attacks, those impairments, alone or in combination, do not meet or equal the criteria of any of the impairments listed at Appendix 1 of 20 C.F.R., Part 404, Subpart P.

The ALJ also found that plaintiff retains the residual functional capacity to perform a significant range of sedentary work but with certain restrictions recognizing the limiting effects of her impairments. (R. 23). Taking into account these limiting effects, a vocational expert identified numerous categories of jobs which plaintiff can perform based upon her age, education, work experience and residual functional capacity, including final assembler, product inspector and nut sorter.

Relying on the vocational expert's testimony, the ALJ found that although plaintiff is unable to perform her past relevant work, she is capable of making an adjustment to numerous jobs existing in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §§423(d)(1)(A) and 1382c(a)(3)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §§423(d)(1)(B) and 1382c(a)(3)(B).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[1] for determining whether

---

[1] The ALJ must determine in sequence: (1) whether the claimant currently is engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and, (5) if so, whether the she can perform any other work which exists in the national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. §§404.1520 & 416.920. In addition, when there is evidence of a mental impairment that allegedly prevents a claimant from working, the Commissioner must follow the procedure for evaluating mental impairments set forth in the regulations. Plummer, 186 F.2d at 432; 20 C.F.R. §§404.1520a & 416.920a.

a claimant is under a disability. 20 C.F.R. §§404.1520 and 416.920; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas, 124 S.Ct. 376 (2003).

Here, plaintiff raises a pair of challenges to the ALJ's findings: (1) the ALJ failed to analyze properly the opinion of her treating physician as to the limitations arising from plaintiff's impairments; and, (2) the ALJ improperly relied on the vocational expert's answer to a defective hypothetical that did not account for all of plaintiff's limitations as set forth by plaintiff's treating physician. Upon review, the court is satisfied that all of the ALJ's findings and conclusions are supported by substantial evidence.

Plaintiff first challenges the ALJ's evaluation of the medical evidence. Specifically, plaintiff contends that the ALJ failed to analyze properly a medical source statement completed by plaintiff's treating physician, Dr. Davis, setting forth stringent limitations on plaintiff's ability to work which, if accepted, essentially would preclude plaintiff from performing any sustained work activity. (R. 222-25). The ALJ expressly addressed this opinion in her decision but found that it was not entitled to controlling weight because it was "not fully supported by [Dr. Davis'] own findings and is inconsistent with the clinical and objective findings of record, and with other substantial evidence." (R. 20).

Plaintiff, however, now contends that, even if Dr. Davis' opinion was not entitled to <u>controlling</u> weight, it nevertheless still was entitled to <u>substantial</u> weight under the regulations. Plaintiff asserts that Dr. Davis' limitations are consistent with the record and that the ALJ improperly relied upon plaintiff's sporadic daily activities to cast doubt upon Dr. Davis' stated limitations. Upon review of the record, the court is satisfied that the ALJ properly evaluated the medical evidence under the appropriate standards.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §§404.1527(d)(2) and 416.1527(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §§404.1527(d) and 416.1527(d).

Here, contrary to plaintiff's contention, the ALJ adhered to the foregoing standards in evaluating the medical evidence and adequately explained her assessment of that evidence. (R. 18-21).

AO 72
(Rev. 8/82)

- 6 -

Although plaintiff alleges that the ALJ, after finding that Dr. Davis' opinion was not entitled to controlling weight, failed to analyze that assessment to determine whether it nevertheless was entitled to substantial weight, that argument is belied by the record. To the contrary, it is clear that the ALJ in fact did accord Dr. Davis' assessment substantial weight, but only to the extent it was supported by the other evidence.

The ALJ in her decision expressly acknowledged her obligation to consider "the examining relationship, the treatment relationship, supportability, consistency, specialization and other factors which tend to support or contradict opinion evidence" in deciding the weight to be given to any medical opinion evidence. (R. 20). It was in that context that the ALJ addressed the medical assessment rendered by Dr. Davis and determined that the most extreme restrictions posited by Dr. Davis were not entitled to controlling or substantial weight.

However, it is important to emphasize that the ALJ clearly did not ignore or fail to analyze the medical source evidence from Dr. Davis altogether. To the contrary, the ALJ's residual functional capacity finding makes clear that the ALJ did give substantial weight to that assessment by incorporating those limitations set forth in Dr. Davis' report to the extent such limitations were supported by the objective medical findings of record. And it likewise is clear from a review of the ALJ's decision as a whole that the ALJ did not give controlling or substantial weight only to those limitations which were

inconsistent with the totality of the evidence, including Dr. Davis' own findings, the other clinical and objective findings of record and other substantial evidence, including plaintiff's self-reported activities of daily living.

To the extent plaintiff suggests that the ALJ erred in relying upon her daily activities as a basis for rejecting the most stringent limitations set forth by Dr. Davis, the court is satisfied that the ALJ properly evaluated plaintiff's subjective complaints of pain and limitations in accordance with the regulations.[2] While it is true, as plaintiff now asserts, that sporadic and transitory activities cannot be used to show an ability to engage in substantial gainful activity, see Fargnoli, 247 F.3d at 40, n.5, the ALJ did not do so here. Instead, in determining plaintiff's residual functional capacity, the ALJ properly considered plaintiff's allegations in light of her activities of daily living, as well as her treatment history and the absence of clinical and objective findings supporting her allegations of totally debilitating symptoms upon which Dr. Davis based his most restrictive limitations and adequately explained in her decision how those activities were inconsistent with those restrictive limitations. (R. 20).

---

[2] Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §§404.1529(c) and 416.929(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony. Schaudeck v. Commissioner of Social Security, 181 F.3d 429, 433 (3d Cir. 1999); see also SSR 96-7p.

AO 72
(Rev. 8/82)

- 8 -

The ALJ thoroughly addressed all of the medical evidence in her opinion and more than adequately explained her reasons for the weight she accorded it. In rendering her residual functional capacity finding, the ALJ adequately considered all of the medical evidence, including that from Dr. Davis, and gave substantial weight to those limitations that reasonably could be supported by the medical and other relevant evidence. Those limitations that could not reasonably be supported by such evidence were given no weight. The court is satisfied that the ALJ's evaluation of the medical evidence and resultant residual functional capacity finding are supported by substantial evidence.

Plaintiff' second argument is that the ALJ erroneously relied upon the vocational expert's response to a hypothetical which did not take into account all of plaintiff's limitations, specifically, all those set forth by Dr. Davis. However, the most stringent limitations advanced by Dr. Davis in his assessment, as already discussed, are not supported by the medical evidence of record.

As a hypothetical to the vocational expert must reflect all of the claimant's impairments and limitations supported by the record, Podedworny v. Harris, 745 F.2d 210 (3d Cir. 1984), the ALJ properly relied upon the vocational expert's response to a hypothetical which accounted only for those limitations supported by the record, and the vocational expert's testimony in response to that hypothetical constitutes substantial evidence supporting the ALJ's step 5 finding.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act. The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous. Accordingly, the decision of the Commissioner must be affirmed.

Gustave Diamond
United States District Judge

cc: Karl E. Osterhout, Esq.
1789 South Braddock Avenue
Suite 570
Pittsburgh, PA 15218

Stephanie L. Haines
Assistant U.S. Attorney
319 Washington Street
Room 224, Penn Traffic Building
Johnstown, PA 15901